# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
February 26, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**VICKI G. BATEMAN,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0287**  (BOR Appeal No. 2049748)
                      (Claim No. 2014001570)

**SUMMERS COUNTY COUNCIL ON AGING, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Vicki G. Bateman, by Reginald Henry, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Summers County Council on Aging, Inc., by Alyssa Sloan, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 25, 2015, in which the Board affirmed an August 29, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 13, 2013, decision which, in part, denied Ms. Bateman's request for authorization of physical therapy for the cervical spine. Additionally, the Office of Judges affirmed the claims administrator's March 6, 2014, decision denying Ms. Bateman's request to add cervical/thoracic/lumbar strain, left upper extremity radiculopathy, left lower extremity radiculopathy, and a herniated nucleus pulposus at L5-S1 as compensable components of the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Bateman injured her back on July 15, 2013, while assisting a patient in getting out of bed. Immediately following the injury, she sought treatment in the emergency department of Summers County Appalachian Regional Hospital. She was diagnosed with lower back pain and

1

x-rays revealed degenerative changes at L1-4. The claim was held compensable for a lumbar sprain/strain and overexertion from a sudden movement on July 17, 2013. On July 18, 2013, Ms. Bateman sought treatment at Forest Hill Family Practice, where she receives all of her primary medical care, and complained of lower back, upper back, and neck pain. Cervical spine x-rays were performed on July 18, 2013, and revealed degenerative changes at C5-6 and C6-7.

On August 11, 2013, a lumbar spine MRI was performed and revealed disc degeneration at L1-4, a bulging disc at L3-4, and a small central disc protrusion at L5-S1. On August 12, 2013, James Dauphin, M.D., performed a records review and recommended denying a request from Ms. Bateman to add the cervical spine as a compensable component of the claim. Further, Dr. Dauphin opined that the symptoms Ms. Bateman is experiencing most likely represent pre-existing degenerative changes. On September 22, 2013, a cervical spine MRI was performed and revealed a minor central posterior disc bulge at C3-4, a central posterior disc bulge at C5-6, and a slight central disc protrusion at C6-7.

Prasadarao Mukkamala, M.D., performed a records review on October 3, 2013. Dr. Mukkamala opined that he agrees with Dr. Dauphin's recommendation that the cervical spine should not be added as a compensable component of the claim. He further opined that the changes revealed in the September 22, 2013, cervical spine MRI occurred over many months/years and are most certainly pre-existing and unrelated to the July 15, 2013, injury. Joseph Grady III, M.D., performed an independent medical evaluation on November 19, 2013, and diagnosed Ms. Bateman with a lumbosacral sprain superimposed on multilevel degenerative changes. He further opined that Ms. Bateman has reached maximum medical improvement regarding the lumbar spine.

On December 10, 2013, the StreetSelect Grievance Board issued a decision in response to the claims administrator's denial of Ms. Bateman's request for authorization of physical therapy for the cervical spine, and concluded that the medical evidence of record does not support a finding that any of Ms. Bateman's cervical spine complaints are related to the July 15, 2013, injury and further determined that authorization of physical therapy for the cervical spine would be inappropriate. The claims administrator authorized physical therapy for the treatment of the lumbar spine but denied authorization for physical therapy aimed at treating the cervical spine on December 13, 2013.

On December 26, 2013, James Blume, D.O., completed a diagnosis update request and listed Ms. Bateman's diagnoses as a cervical/thoracic/lumbar strain, left upper extremity radiculopathy, left lower extremity radiculopathy, and a herniated nucleus pulposus at L5-S1. On February 7, 2014, Dr. Dauphin performed a second records review and recommended denying the request to add cervical/thoracic/lumbar strain, left upper extremity radiculopathy, left lower extremity radiculopathy, and a herniated nucleus pulposus at L5-S1 as components of the claim. He noted that Ms. Bateman's cervical spine complaints did not began until three days after the injury and opined that there is no medical evidence connecting her current complaints to the July 15, 2013, injury aside from the lower back pain present from the time of injury. Finally, Dr. Dauphin opined that it is far more likely that Ms. Bateman's radiculopathy symptoms and thoracic pain are related to background degenerative disease rather than the July 15, 2013, injury.

On March 16, 2014, the claims administrator denied the request to add cervical/thoracic/lumbar strain, left upper extremity radiculopathy, left lower extremity radiculopathy, and a herniated nucleus pulposus at L5-S1 as compensable components of the claim.[1] The Office of Judges affirmed the December 13, 2013, and March 6, 2014, claims administrator's decisions. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated February 25, 2015. On appeal, Ms. Bateman asserts that evidence received from her primary care physician, along with the diagnostic imaging of record, demonstrates that cervical/thoracic/lumbar strain, left upper extremity radiculopathy, left lower extremity radiculopathy, and a herniated nucleus pulposus at L5-S1 should be added as compensable components of the claim and physical therapy for the cervical spine should be authorized.

The Office of Judges found that the record does not contain any evidence in which Ms. Bateman's treating physician explains why the diagnoses of cervical/thoracic/lumbar strain, left upper extremity radiculopathy, left lower extremity radiculopathy, and a herniated nucleus pulposus at L5-S1 arise from the July 15, 2013, injury. Further, the Office of Judges noted that the evidentiary record indicates that Ms. Bateman has complained of pain radiating into the left lower extremity since 2005. Additionally, the Office of Judges noted that it appears that the diagnosis of radiculopathy has never been confirmed via electrodiagnostic imaging. The Office of Judges also found that both Dr. Dauphin and Dr. Mukkamala opined that Ms. Bateman's cervical spine complaints most likely arise from degenerative changes and not the July 15, 2013, injury. Finally, the Office of Judges concluded that because the cervical spine has been rejected as a compensable body part, Ms. Bateman is not entitled to authorization for physical therapy of the cervical spine. We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review.

---

[1] This Court notes that a lumbar strain was added as a compensable component of the claim on July 17, 2013.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 26, 2016**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Menis E. Ketchum